Per Curiam
: This patent case comes before the court on plaintiff’s motion for partial summary judgment. It is concluded that the motion must be denied.
The petition in effect alleges unauthorized use by defendant of inventions defined in some 260 patent claims in 19 United States Letters Patent relating to electronic systems and circuits. The petition asserts that the defendant, as licensee under a certain license agreement and release between the plaintiff and defendant’s Atomic Energy • Commission, hereinafter called Commission, is estopped to deny the validity of the patents and is estopped to deny infringement where other agencies use products identical with those used by the Commission.
The answer denies patent validity, denies unauthorized use, and denies that defendant is estopped to contest validity and infringement.
Plaintiff, by motion for partial summary judgment, asks this court to hold that defendant is estopped to deny validity and infringement in view of said, license agreement and release between the Commission and plaintiff. A copy of the license agreement and release, dated August 6, 1962, is attached to plaintiff’s motion as exhibit 1, and a copy of the payment voucher is marked exhibit 2. Under said agreement and release, plaintiff granted to the Commission a nonexclusive, irrevocable, fully-paid license under a number of patents including the patents here in suit. Exhibit 2 indicates that plaintiff received $200,000 for granting this license and for releasing the Commission and the Government for past infringements in the atomic energy field.
*649 The agreement and release contains in Article VII a provision specifically dealing with the validity and scope of the licensed subject matter, reading as follows:

Section J¡.

It is understood and agreed, that the acceptance of this License Agreement and Eelease is not an admission of validity or of scope of the herein-licensed subject matter, or of validity of the title thereto; and there are expressly reserved the right, at any time, to contest the validity or scope of or title to such subject matter without waiving or forfeiting any right under this License Agreement and Eelease, and there are reserved any and all defenses that may now or hereafter exist in connection with the herein-licensed subject matter. .[Emphasis added;] ' :
Defendant contends that there are disputed issues of fact: (1) as to whether. Section 4 refers to patents or to licensed products and uses, and (2) as to whether items purchased by and used in a non-licensed agency are identical with those used by the Commission.
It is concluded that plaintiff’s motion must he denied not because of any possible issues of fact but because of the clear meaning of Article VII Section 4 in the license agreement and release. It is concluded as a matter of law that Section 4 reserves to the Commission and .to the Government the right to contest the validity and the scope of the licensed patents and also-reserves the right to any and all defenses in connection with the licensed subject matter. Plaintiff’s contention that licensed subject matter does not include licensed patents is without merit. The wording “validity or scope of or title to” used in Section 4 relates to patents. There is nothing, in the definitions contained in Article I or in Article VII to indicate that the term ‘¿licensed subject matter” is something distinct from licensed patents.
Plaintiff’s request that the court rule that defendant is estopped to deny that the products set forth in paragraphs 7(a), 7(b), 7(c), 7(d) and 7(f) of the petition infringe plaintiff’s patents is denied. Infringement issues will not be decided until the validity and scope of the patents in suit are determined. The terminology of the license and release *650 agreement does not support any presumption of patent infringement.'
Defendant has not repudiated or terminated the license agreement and release and defendant’s current reliance on the reservation clause does not annul the agreement.
It is concluded from the briefs and exhibits thereto, and without oral arguments, that plaintiff’s motion for partial summary judgment must be and hereby is denied. The case is remanded to the trial commissioner for further proceedings not inconsistent with this opinion.